UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

              v.                                            5:04-CR-140
                                                   (FJS)

JAMONTAE WALLACE,

                                   Defendant.

_____

APPEARANCES                                    OF COUNSEL

OFFICE OF THE UNITED                  TERRENCE M. KELLY, AUSA
STATES ATTORNEY
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207-2924
Attorneys for the United States

OFFICE OF THE FEDERAL                  LISA A. PEEBLES, AFPD
PUBLIC DEFENDER
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
Attorneys for Defendant

SCULLIN, Senior Judge

## ORDER

On July 13, 2005, pursuant to an Agreement between the parties, Defendant entered a

plea of guilty to Count 1 of the Indictment, charging him with conspiracy to possess with the

intent to distribute and distribute cocaine base (crack), in violation of 21 U.S.C. §§ 846,

841(a)(1), and 841(b)(1)(A). *See* Dkt. No. 146. At the time of sentencing, the Court found that

Defendant's total offense level was 35 and that his criminal history was IV, resulting in a

presumptive United States Sentencing Guidelines range of 235 to 293 months' incarceration.

However, a twenty-year (240 month) statutory minimum sentence applied.  The Government

moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and United States Sentencing

Guidelines ("U.S.S.G.") § 5K1.1 based on Defendant's substantial assistance.  The Court granted

the motion and, on September 6, 2006, imposed a sentence of 110 months' incarceration.

Currently before the Court is Defendant's motion for a reduction of his sentence in light

of the United States Sentencing Commission's amendment to the cocaine base guideline ranges

of U.S.S.G. § 2D1.1(c), pursuant to 18 U.S.C. § 3582(c), 28 U.S.C. § 994(o), and U.S.S.G.

§ B1.10.  *See* Dkt. No. 267.  Defendant also relies upon the Second Circuit's recent decision in

*United States v. Williams*, 551 F.3d 182 (2d Cir. 2009), to support his motion.  *See id.*

The Government opposes the motion on the ground that, because the Court sentenced

Defendant "below the otherwise applicable mandatory minimum term of imprisonment solely

because this Court granted the [G]overnment's motion pursuant to § 3553(e), he is not entitled to

seek relief pursuant to § 3582(c)(2)."  *See* Dkt. No. 269 at (unnumbered) 5.

In determining Defendant's sentence in this case, the Court began with the mandatory

statutory minimum of 240 months.  Moreover, pursuant to its authority under § 3553(e), the

Court imposed a sentence below this statutory mandatory minimum based solely on the

Government's motion pursuant to U.S.S.G. § 5K1.1.  Thus, the ultimate sentence that the Court

imposed was not a Guidelines sentence but rather a statutory sentence that 18 U.S.C. § 3553(e)

authorized.  *See* 18 U.S.C. § 3553(e).[1]  Therefore, because the Court fully considered Defendant's

---

[1] Section 3553(e) of Title 18 of the United States Code provides that, "[u]pon motion of
the Government, the court shall have the authority to impose a sentence below a level established
by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the
investigation or prosecution of another person who has committed an offense."  18 U.S.C.

(continued...)

cooperation in setting his sentence and because the Court is limited to considering *only*

Defendant's cooperation in moving below the statutory mandatory minimum, for all practical

purposes, the crack cocaine sentencing amendment is superfluous. *See United States v. Veale*,

No. 03-CR-167, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008).

Accordingly, after carefully reviewing the entire file in this matter, the parties'

submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C.

§ 3582(c)(2) and U.S.S.G. § 1B1.10 in light of Amendment 706 to the Guidelines is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 5, 2009
         Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[1](...continued)
§ 3553(e).